UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WELLNESS PHARMACY, INC., *et al.* )<br>)<br>)<br>  Plaintiffs, )<br>)<br>  v. )<br>)<br>XAVIER BECERRA, *et al.* )<br>)<br>)<br>  Defendants. )<br>_____) | Civil Action No. 1:20-cv-03082 (CRC) |

## NOTICE OF SUBSEQUENT EVENT

Defendants respectfully submit this Notice of Subsequent Event to inform the Court that, on August 9, 2021, FDA published a Federal Register notice extending the period before FDA intends to begin enforcing the statutory 5% limit on out of state distribution of compounded human drug products. *See* Extension of the Period Before the Food and Drug Administration Intends to Begin Enforcing the Statutory 5 Percent Limit on Out of State Distribution of Compounded Human Drug Products; Notice, 86 Fed. Reg. 43550 (August 9, 2021). The notice, attached hereto as Exhibit 1, extends the period for one year, until October 27, 2022.

As Defendants have argued, Plaintiffs' claims are not ripe for judicial review and the injuries they have alleged are insufficiently concrete to satisfy Article III standing. *See, e.g.*, Defs.' Mem., Dkt. 36-1, at 13–20; Defs.' Reply Br., Dkt. 48, at 2–11. The one-year extension underscores that the facts relevant to Plaintiffs' claims are still actively developing. As of the date of this filing, States now have more than 14 months to decide whether to sign the Final Standard MOU before FDA intends to enforce the statutory 5% limit. FDA extended the period

to allow sufficient time for States to evaluate the Final Standard MOU and modify their laws and regulations, if necessary.  *See* Ex. 1.  Thus, whether Plaintiffs may be subject to enforcement of the 5% limit, or whether (as Plaintiffs allege) they may be affected by States' information collection and reporting activities under the MOU, may not be determined for over a year.  Defs.' Mem., Dkt. 36-1, at 14.  Allowing these facts to develop would "significantly advance [the Court's] ability to deal with the legal issues presented[.]"  *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003) (internal quotation omitted).  Until then, Plaintiffs' claims are unripe and their alleged harm is merely speculative.

| Of Counsel: | Respectfully submitted, |
|---|---|
| DANIEL BARRY<br>Acting General Counsel<br>Department of Health and Human Services | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| ANNAMARIE KEMPIC<br>Deputy Chief Counsel, Litigation | ARUN G. RAO<br>Deputy Assistant Attorney General |
| JAMES ALLRED<br>Associate Chief Counsel<br>Office of the Chief Counsel<br>U.S. Food and Drug Administration<br>10903 New Hampshire Avenue<br>White Oak 31<br>Silver Spring, MD 20993-0002<br><br>*Counsel for Defendants* | GUSTAV W. EYLER<br>Director<br><br>HILARY K. PERKINS<br>Assistant Director<br><br>*/s/ Raquel Toledo*<br>RAQUEL TOLEDO<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, DC 20044-0386<br>202-532-4719<br>202-514-8742 (fax)<br>Raquel.Toledo@usdoj.gov<br><br>*Counsel for Defendants* |